CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 17 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMY EDWARD BALL, | CASE NO. 7:19CV00581 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| SOUTHWEST VA REGIONAL JAIL — ABINGDON MEDICAL DEPARTMENT, | By: Hon. Glen E. Conrad<br>Senior United States District Judge |
| Defendant. | |

Jeremy Edward Ball, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the medical department of the Southwest Virginia Regional Jail ("jail") in Abingdon about his medical care. After review of the record, the court concludes that this civil action is appropriately dismissed without prejudice for failure to state a claim.

Ball states that for some time, he has been taking prescribed medications intended to help him wind down and avoid severe mood swings. During a previous incarceration at the jail, officials allowed him to continue taking these medications. Now, Ball alleges, he is being refused the medications, although the jail is in possession of his medical records. He sues the jail's medical department, seeking as relief proper medical care and compensation.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief could be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

Neither the jail nor its medical department, as a group of individuals, qualifies as a "person" subject to being sued under § 1983. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (emphasis added). Thus, the only defendant Ball has identified cannot be sued under § 1983. For that reason, the court will summarily dismiss this case without prejudice under § 1915A(b)(1) for failure to state a claim upon which relief could be granted. An appropriate order will enter this day. Such a dismissal leaves Ball free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion.[1] The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 17th day of October, 2019.

_____
Senior United States District Judge

---

[1] In any event, Ball's submissions do not indicate that he has any constitutional claim against jail officials. Only deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment that violates the Eighth Amendment. Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). The deliberate indifference standard is not met by mere disagreement concerning "'[q]uestions of medical judgment,'" Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)), or by mere negligence in diagnosis or treatment. See Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) ("Put simply, negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference."). Ball wants the medications that other doctors have prescribed for him in the past, and the jail's medical staff has apparently decided that different treatment is appropriate for his current condition. Such disagreements over the appropriate course of treatment are not sufficient support for an Eighth Amendment claim under § 1983.